## J. Y. CHENEY and Wife v. TOWN OF RYEGATE.*

### *Highway. Evidence.*

1. In an action for injuries received while travelling on the highway, caused by a collision with a runaway team whose driver had been thrown from the sled in consequence of a bad place in the road about fifty rods back of the place where the accident occurred, evidence that such team had the habit of running away is not admissible.
2. Memoranda of measurements made at the time, confirmatory of the evidence given by the witnesses who made and produced them, are admissible.
3. The trial being in June, 1882, the accident having occurred in November, 1880, one witness testified that he "met a team there three or four years ago," that the "road was the same as at the time of the accident," that he "was going north and started a little down the hill and met a team and could not pass, and I backed back a little, and they passed"; another witness: "I think it was in 1877, width of road was the same, . . . . I met a team. . . . . They backed back; I met the team at the top of the hill. I don't think teams could pass on that hill." *Held*, admissible.

ACTION for injuries received by the plaintiff wife while travelling on the highway. Jury trial, June Term, 1882, Caledonia County, Ross, J., presiding. Verdict for the plaintiff.

The injury was occasioned by a runaway pair of horses attached to a sled, running into the team from behind in which the plaintiff wife was riding; and the plaintiff declared for and relied upon an insufficiency in the road at the point where the collision occurred, and also a point in the road about fifty rods back from the point of collision. The defects complained of at the point of collision were narrowness in the road and a steep bank rising up on both sides of the road. The defects complained of at the point about fifty rods back were narrowness and a steep bank descending from the lower side of the road. The plaintiff claimed, and introduced evidence tending to show, that the narrowness of the road at the point of collision caused the accident by being insuffi-

* Heard at October Term, 1882.

cient in width to allow the runaway team to pass ; that the driver was thrown from the sled of the runaway team at the point in the road about fifty rods back, by reason of the insufficiency of the road at that point and that the runaway was caused by said last-named insufficiency, or that the horses might have been gotten under control by the driver had he not been thrown from the sled by the insufficiency of the highway.

· It appeared that the driver of the runaway horses was an old man named Buck, about eighty years of age, who deceased before the trial, and that he was not on the sled at the time of the collision ; and the plaintiff's evidence tended to show that there were marks in the snow on the lower side of the road at said last-named point indicating that a sled had passed out from the travelled part along there and that one runner had gone over this bank, and there were marks in the snow like what would be made by a man's feet striking in the snow and sliding along. The defendant's evidence tended to show that there were no marks of a man's feet in the snow at that point. It appeared that there were marks in the snow indicating that said two horses were running fifty or sixty rods back from this point and were·some of the way in the road and some of the way out on the margins.

The defendant, for the purpose in connection with the evidence of the said marks indicating running horses before the horses arrived at said point where plaintiff claimed Buck was thrown off, offered to show that one of said Buck's horses was a runaway horse, for the purpose of showing that said Buck entirely lost control of said horses when they first commenced to run and before they arrived at the place where the plaintiffs claimed an insufficiency in the road and at a place in the road where no insufficiency was claimed, and that the runaway was the fault of said horse and not of defendant's highway. The court excluded this evidence, to which the defendant excepted.

The plaintiff, in his opening testimony, produced several witnesses who testified, without referring to any memoranda, to the width of the road in several places, including the place where the plaintiff's evidence tended to show the deceased wife was struck. These measurements were contradicted by the defendant ; and the

plaintiff recalled his witnesses in rebuttal and they were allowed to testify, against the defendant's objection, that they made memoranda of their measurements at the time the measurements were made, and to produce the same and testify to the correctness of said memoranda, and the memoranda were then put into the case. These memoranda were made on little pieces of paper, and in one or more instances the memoranda contained statements like this; " Distance from where struck to pine tree, five feet." The place where the plaintiff's wife was struck was controverted by the defendant, and the witnesses making such memoranda had no knowledge of where she was struck, except hearsay. The witnesses recalled to produce said memoranda did not, when recalled, attempt to testify as to the width of said road and the distances between other points, except by identifying the memoranda and swearing to their correctness. No special objection was made to the memoranda because they contained the words above quoted. The objections and exceptions were to their admissibility generally.

The memoranda were referred to and admitted only as confirmatory of the evidence given by the witnesses who made and produced them. The injury occurred on the 26th day of November, 1880, on a northerly descent in the road, which was spoken of on the trial as " a hill." It appeared that bushes had been growing for some years on the margins of the road, and that they grew close to the travelled portion of the road, but these bushes had been mainly cut in the fall of 1880, and before the accident.

Wallace, a witness on behalf of the plaintiff, was allowed to testify, against the defendant's objection, that he met a team there three or four years ago—and he was unable to tell exactly when—testified the road was the same as at the time of the accident, that he " was going north and started a little down the hill and met a team and could not pass, and I backed a little and they passed." King, a witness called on behalf of the plaintiff, testified, against the defendant's objection, as follows: " I think it was in 1877, width of road was the same. I met a team. I was coming south; it was just dark. I heard some one halloo. They backed back; I met the team at the top of the hill.

I don't think teams could pass on that hill." To the admission of this evidence the defendant excepted.

The plaintiff, in his opening testimony, had been confined to the condition of the road at the time of the accident, and the defendant was governed by the same rule in the testimony adduced in defence, and this testimony of experiments in passing was put in by the plaintiff in rebuttal.

*Belden & Ide*, for the plaintiffs.

*Alexander Dunnett*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. I. The plaintiffs' case tended to show that his carriage was run into and the wife injured in a narrow ravine, or cut, in the highway by a runaway team coming from the rear; and that the driver of the latter team was thrown from his sled in consequence of a bad place in the road, about fifty rods back of the place of collision, and the horses left running at large without a driver, when if the driver had kept the control of the reins, he would have avoided the collision and injury; and therefore the defect in the road at both points contributed to the injury. The defendant offered to prove, in reply, that the horses in the runaway team had the vicious habit of running away, and this testimony was excluded. We think there was no error in this. The towns are required to so construct their highways as to guard against accidents likely to occur. In *Kelsey* v. *Glover*, 15 Vt. 708, Kelsey's horse was killed by a runaway team, forced into the highway and against Kelsey's horse by a tree-top on the margin of the road. That horse had the historic vice of running away, " without any occasion." Whether the runaway horses are instigated by inherent vice, or adequate occasion, is not material ; it is enough that the danger of injury to the plaintiffs was enhanced by this accident, or incident, that occurred in consequence of this bad place in the road. Whether the owner or driver of that team could have recovered damages for his injury, of this defendant, is not involved in this case.

II. The memoranda of measurements, made at the time, in connection with the testimony of witnesses who made them or knew of their accuracy, are always admissible ; and if the court deemed it important or proper to allow plaintiffs' witnesses re-called, and the memoranda produced to rebut the accuracy of the defendant's measurements, it was all within the *discretion* of the court. It was merely confirmatory of plaintiffs' evidence already in the case. *Lapham* v. *Kelley*, 35 Vt. 195 ; *Cross* v. *Bartholomew*, 4 Vt. 207.

We think the testimony of Wallace and King was, under the circumstances, admissible. We find no error, and the judgment is affirmed.