JAMES HOUGHTON *v.* JOHN M. CLOUGH, CHARLES CLOUGH, et al.

*Evidence.*

If the exact terms of a contract become material, and they are claimed by one party to be one way, and by the other to be entirely different, and the direct evidence on trial is contradictory in this respect, it is competent for either party to introduce evidence of any circumstances bearing upon the point in controversy.

In this case, the point at issue was whether the reconveyance of certain land by one of the defendants to the plaintiff, was made in settlement of nine or ten notes, all of which had been given by the former to the latter for the same land, the tenth note being against all of the defendants and being in suit in the case at bar. The direct evidence on this point was contradictory. *Held,* that it was competent for the plaintiff to show that the value of the land at the time of its reconveyance to him was not equal to the amount of the nine notes in question, and that the land had depreciated in value since he sold it.

ASSUMPSIT upon a promissory note, The facts in the case suffi·ciently appear in the opinion of the court.

*James L. Stark* and *A. M. Huling,* for the plaintiff.

*A. B. Gardner* and *N. B. Hall,* for the defendant.

The opinion of the court was delivered by

BENNETT, J. It seems to have been a conceded point on trial, that in 1847, the plaintiff deeded to Charles Clough, one of the defendants, two parcels of land, at the price of two thousand dollars, and that three hundred dollars was paid down in notes turned out against other persons; and the defendants for a part of the purchase money gave the note of one hundred and seventy dollars, now in suit; and for the balance, Charles Clough gave to the plaintiff his own individual notes, secured by a mortgage on the property, which he had bought. It also appeared that Charles Clough had previous to the 25th of March, 1853, by the consent of the plaintiff, sold a part of the premises, and that the avails thereof were applied to pay the notes which had been turned out to make the three hundred dollars, and to pay the interest on the balance

of the purchase money. On the 25th of March, 1853, Charles Clough reconveyed to the plaintiff the remaining portion of the premises.

The defendants claimed, and, as the case states, gave evidence tending to prove, that in consideration of such reconveyance, the plaintiff agreed to surrender the note in suit, and also the nine notes given for the balance of the purchase money by Charles Clough, and secured by mortgage.

The plaintiff gave evidence tending to prove that he was only to surrender fifteen hundred dollars of the notes of Charles Clough secured by the mortgage ; and the real issue between the parties was whether the note in suit was or was not included in the bargain.

The question now presented to the court upon this state of facts, is whether it was competent for the plaintiff to prove that at the time of the reconveyance of the premises to the plaintiff, they had depreciated in value by reason of the wood and timber on them having been cut and carried off, and that their value at that time did not exceed fifteen hundred dollars.

If this testimony can have a bearing upon the controverted point between the parties ; that is, whether the note in suit was also to be given up, it should have been admitted, and we think it would have had some bearing on that point.

How much weight it should have had, was a question for the jury. The plaintiff had personal security on the note in suit, and if the value of the premises reconveyed did not exceed fifteen hundred dollars, the plaintiff in cancelling notes secured by a mortgage on the premises to that amount, paid a full consideration for the reconveyance, and upon the principles which ordinarily govern human conduct, we are not to presume he would have been disposed to pay more. If the value of the property did not exceed fifteen hundred dollars, there was a good reason why the plaintiff should not have included in the notes to be given up, the note in suit. It is to be presumed, in the absence of proof, that each party intended to make an equal bargain, and we see no sufficient reasons to induce, on the plaintiff's part, a surrender of the note in suit. It is true that there might have been reasons *aliunde* the transaction, which might have induced the plaintiff to give up the note in

question, but if so, the evidence to that effect should come from the defendants by way of repelling the inference which would be made from the plaintiff's showing.

The testimony offered by the plaintiff and rejected by the court below, could have no such decided bearing upon the case as to control evidence of an express agreement; still, if the direct evidence as to what the agreement was in this particular, was contradictory, it might be thrown into the scale and have its proper weight in ascertaining the truth of the case. It is sufficient in order to raise a presumption of a fact, to prove those circumstances by which the existence of such a fact is *usually* attended.

The judgment of the county court is reversed and the case remanded.