## REUBEN KIDDER *v.* JOSEPH J. SMITH.

### *Evidence.*

When the testimony is conflicting as to the price agreed upon in the sale of personal property, it is competent to show the value of the property at the time of sale, as tending to show what the real contract was.

BOOK ACCOUNT.—The facts sufficiently appear in the opinion of the court.

*Converse & French*, for the plaintiff.

*A. P. Hunton*, for the defendant.

POLAND Ch. J. The auditor reported a balance due to the defendant, and the county court rendered judgment on the report for the defendant, to which the plaintiff excepted. This result was produced by the disallowance of an item in the plaintiff's account by the auditor of twenty-five dollars for balance due on a horse.

The auditor reports that the plaintiff sold to the defendant a

mare,for which the defendant paid the plaintiff thirty-five dollars. The plaintiff claimed that the defendant by the contract was to pay him an additional sum of twenty-five dollars by delivering to the plaintiff the colt with which the mare was supposed to be in foal, or if the mare brought no colt, or if defendant chose to retain it, to pay the twenty-five dollars in money.

The defendant claimed the contract to be, that in addition to the thirty-five dollars paid, the plaintiff was to have the colt if the mare brought one, that the plaintiff assumed the risk of the mare being with foal, and if she brought no colt the defendant was not to pay more than thirty-five dollars. The auditor found the contract to be as the defendant claimed, and also that the mare was not with foal at the time of the trade. It is not now questioned but that the county court decided correctly upon the facts reported by the auditor. But upon the trial before him the auditor allowed the defendant to prove, against the objection of the plaintiff, that at the time of the trade the mare was wholly without value ; and the plaintiff now insists that this evidence was erroneously admitted by the auditor, and that therefore the judgment should be reversed.

It does not appear from the report for what purpose this evidence was offered or admitted. It might have been offered for the purpose of showing an entire failure of consideration for this item, and perhaps was legally admissible for that purpose ; this is the view now taken of it by the defendant's counsel. However this might be, it does not appear from the report that this evidence was in any way used by the auditor in determining what the contract was between the parties.

But if it had been, we do not think it was erroneous. The parties were in dispute, and their evidence conflicting, whether the defendant was to pay thirty-five dollars or sixty dollars for the mare, and it became necessary to resort to circumstances and probabilities to determine which was right. As showing a probability in favor of the defendant's version of the trade, we think it was competent for the defendant to prove the value of the mare to be even less than the sum he agreed he was to pay. Where the disparity between the value of property, and what is claimed to have been the contract price, is small, and within the fair range

of what different persons might esteem to be a fair value, such evidence would be very slight, perhaps too slight to be admissible, but when the difference is very great, and beyond the range of fair difference in judgment, it might be entitled to much weight, and the wider the difference, proportionably stronger would be the evidence furnished by it. See *Kimball* v. *Lock*, 31 Vt. 683, where the admissibility of this species of evidence is very aptly discussed and illustrated by BARRETT J., in the judgment of that case. But there is another ground on which the judgment below ought not to be disturbed on these exceptions. The exceptions are to the judgment of the county court in rendering judgment for the defendant on the facts reported. But it is conceded that that judgment was correct, indeed it was the only judgment the county court could render. If the court had been of opinion that the auditor erred in admitting this evidence, they could not have rendered a judgment for the plaintiff, but only have sent the case back to the auditor to be retried by him. But it does not appear that any exception was made to the auditor's report on this ground, or that the court were asked to recommit it. The parties proceeded to a hearing upon the report, and after a judgment upon it, it was too late to take advantage of an error that should have been met by a preliminary application.

Judgment affirmed.