### BEDELL *v.* FOSS.

#### *Evidence. Charge.*

Defendant traded for a mare on which plaintiff had a lien for purchase-money. Plaintiff found her out of defendant's possession, and took her into his own. Afterwards he let defendant take her on a promise, as plaintiff alleged, to pay said purchase money. In assumpsit on that promise, defendant offered evidence to show that the value of the mare at the time of the alleged promise was less than the sum alleged to have been so promised. *Held,* admissible upon the question of whether such promise was made.

Defendant claimed that before he traded for the mare, plaintiff's vendee had procured plaintiff's license to sell. The court charged that the case turned upon the question of whether or not such license was given, and that if it was, the verdict should be for defendant. *Held,* erroneous, as it left it to be inferred that otherwise the verdict should be for plaintiff, without regard to whether the alleged promise was made, or not.

ASSUMPSIT. Plea, general issue, and trial by jury, April Term, 1877, POWERS, J., presiding. It appeared that on July 29, 1871, the plaintiff sold a certain brown mare to Jewett Demas, and took therefor said Demas' note for $73, secured by a lien on said mare ; that afterwards and while he had said mare in his possession subject to said lien, the said Demas exchanged her with the defendant for a certain horse ; that before said exchange and while negotiations therefor were pending, the plaintiff, defendant, and

Demas met at one Henry Bedell's, and talked about said lien and the conditions upon which the plaintiff would release it. The defendant's evidence tended to show that on that occasion the plaintiff agreed to release his lien upon the mare, and take a lien upon the horse proposed to be exchanged for the mare, for $50, and take Demas as paymaster for $23, without security, and that thereupon the defendant and Demas made the exchange. The plaintiff's evidence tended to show that he agreed to take a claim upon the horse if Demas would first reduce his indebtedness on said note to $50. It appeared that the $23 was never paid nor offered to the plaintiff, and that no written or other claim on the horse was made or offered to the plaintiff. The defendant also introduced testimony tending to show that on another occasion the plaintiff gave Demas authority to sell the mare; but the plaintiff's evidence tended to show the contrary.

It appeared that afterwards the defendant undertook to rescind his trade with Demas, and for that purpose returned the mare and left her for Demas at the barn of one Gray; but that the rescision was ineffectual—the defendant being cast in a suit between him and Demas involving his right to rescind. It also appeared that while the mare was at Gray's, the plaintiff took her into his possession by virtue of his lien, and took her home; that after said suit between the defendant and Demas was ended, the defendant had an interview with the plaintiff, when the plaintiff delivered the mare to the defendant, but the parties differed as to the nature of that delivery. The plaintiff's evidence tended to show that the defendant agreed to step into Demas' shoes and pay the plaintiff $73 according to the tenor of Demas' note, and the defendant's evidence tended to show that the plaintiff consented that defendant might take the mare under an arrangement, that if the plaintiff became satisfied that his claim on her was good, he should retake her and the defendant might sue the plaintiff therefor, and have the question of title settled.

The defendant made no other claim to the mare on trial; and the case was tried upon the claim by the defendant that Demas had authority from the plaintiff to exchange the mare with him,

and the denial thereof by the plaintiff and the plaintiff's claim that the defendant agreed to pay him the $73 as aforesaid.

The defendant offered evidence to show the value of the mare to be less than $73, which was objected to and excluded ; to which the defendant excepted.

The court charged among other things that if the plaintiff gave Demas authority to sell the mare, then the verdict should be for the defendant, because he got a title under his purchase, and would have the right to take the mare ; but that if on the other hand Demas did not have authority to sell her, then his trade with the defendant was wrongful as against the plaintiff, as he had no right to trade without permission from the plaintiff ; and that if he had not the right to trade, then plaintiff had a right, if a trade was made, to go and take the mare into his possession, and having taken it, he would have a right to sell it ; and that the whole case turned upon how they settled that question of whether a license was given to Demas to trade off the mare, or not.

To that portion of the charge the defendant excepted.

*P. K. Gleed*, for the defendant.

Evidence as to the value of the mare was clearly admissible. The question was, did the defendant promise to pay the $73 for the mare ? The value of the mare, tested by the rules that govern ordinary human conduct, had an open and visible connection with the issue. 1 Greenl. Ev. ss. 61, 62 ; *Richardson* v. *Turnpike Co.*, 6 Vt. 496 ; *Houghton* v. *Clough*, 30 Vt. 312 ; 1 Best. Ev. s. 90.

The court, by the charge, submitted the wrong issue to the jury. The *factum probandum* was not whether the plaintiff gave Demas authority to swap off the mare, but whether the defendant promised to pay the $73 for her, as alleged ; 1 Best. Ev. 592 ; 2 Stark Ev. 937.

*Niles & Thorp*, for the plaintiff.

The evidence was properly excluded. It was foreign to the issue. The question was, not as to the value of the mare, but was she the property of the plaintiff, and did the defendant take her

under an agreement to pay the specific sum claimed. *Williams* v. *Hicks*, 2 Vt. 36 ; *Wallace* v. *Stone*, 38 Vt. 607 ; *Stevens* v. *Smith*, 21 Vt. 90 ; *Bryant* v. *Pember*, 45 Vt. 487 ; *Whittle* v. *Skinner*, 23 Vt. 531 ; 1 Parsons Cont. 436 ; *Phillips* v. *Bateman*, 16 East, 356, 372 ; 6 Petersd. Abr. 131.

The charge was correct. *Swift* v. *Mosely*, 10 Vt. 208 ; *Morse* v. *Crawford*, 17 Vt. 499 ; *West* v. *Bolton*, 4 Vt. 558 ; *Bradley* v. *Arnold*, 16 Vt. 382.

The opinion of the court was delivered by

DUNTON, J.    This is an action of assumpsit, whereby the plaintiff seeks to recover upon an alleged promise by the defendant to pay him, the plaintiff, the sum of $73 for a certain mare, upon which the plaintiff had a lien for that sum, reserved by virtue of a conditional sale of the mare by him to one Demas.

The defendant, prior to the alleged promise, had exchanged another horse with Demas for the mare in question, and while the mare was in the custody of one Gray, where the defendant had placed her, the plaintiff took her into his possession, but subsequently let her go back into the possession of the defendant, as he, the plaintiff, claimed, in consideration of the alleged promise. The defendant denied making such promise, and claimed that the plaintiff gave Demas permission to trade off the mare, and, when he took her, it was under the arrangement that if the plaintiff thereafter became satisfied, his, plaintiff's, claim on the mare was good, he, the plaintiff, should take her from the defendant, and the latter would have the title to the mare settled by suit.

Both parties offered evidence tending to prove their respective claims as above stated. The defendant also offered evidence to show that the value of the mare at the time of the alleged promise was less than $73.00 ; but this evidence was excluded by the court upon the objection of the plaintiff, and to its exclusion the defendant excepted.

Was this evidence properly excluded ? We think not. It tended to show that it was, at least, improbable that the defendant should have made the alleged promise, and was, therefore,

relevant and admissible. *Houghton* v. *Clough*, 30 Vt. 312; 1 Greenl. Ev. s. 51 a; Best Ev. s. 316; Stark Ev. 937.

Says Best: "Most important inferences are drawn from the ordinary conduct of mankind, and the natural feelings and impulses of human nature. Thus, no man will ever be presumed to throw away his property, as for instance, by paying money not due." In the absence of proof, the presumption would be that each party intended to make an equal bargain; but the evidence as to the value of the mare, offered, tended to show that the alleged bargain was unequal; and as such bargain was testified to by the plaintiff, and denied by the defendant as a witness, the latter was entitled to have the fact, that the value of the mare at the time of the alleged promise was less than the amount that the plaintiff claimed the defendant agreed to pay for her, go to the jury, to strengthen his testimony. And the greater the difference between the value of the mare and $73.00, the more weight this evidence would have; but what weight should be given to it, is for the jury to determine.

The court below instructed the jury that "the whole case turned upon how they settled the question, whether a license was given to Demas to trade off the mare"; and they were also instructed, if they found such license was given, that their verdict should be for the defendant, leaving the inference that if the jury failed to find such license, their verdict should be for the plaintiff. This we think was error. To entitle the plaintiff to recover, the jury should find that the alleged promise was made by the defendant, and they should have been so instructed. The mare was taken by the defendant from the plaintiff under such circumstances that no promise can be implied on the part of the defendant to pay for her or to pay the plaintiff's lien upon her.

Judgment reversed, and case remanded.