## WILLIAM B. PALMER, APT. *v.* CALVIN WOODWARD'S ESTATE

*Statute of Limitations.   Effect of payment afterwards withdrawn.*

A payment on open account renews the account as of its date, although by subsequent arrangement such payment is not to be accounted for on settlement.

This was an appeal from the report of commissioners for the allowance of claims against the estate of Calvin Woodward. Declaration in general assumpsit. Plea, the general issue and Statute of Limitations. Heard at the June Term, 1888, Tyler, J., presiding, on referee's report. Judgment for the plaintiff for the larger sum reported. The case appears in the opinion.

*Harry Blodgett*, for the plaintiff.

When these items credited were paid it was a legal acknowledgement of the debt as subsisting at their several dates, and the law implies a promise to pay the debt as of the date of such payments. *Strong* v. *McConnell*, 5 Vt. 338 ; *Prentiss* v. *Stevens*, 38 Vt. 162 ; *Hicks* v. *Blanchard*, 60 Vt. 673 ; *Corliss & Way* v. *Grow*, 58 Vt. 702 ; *Plympton* v. *Gleason*, 57 Vt. 604 ; *Hutchinson* v. *Pratt*, 2 Vt. 146 ; *Abbott* v. *Keith*, 11 Vt. 525 ; *Hodge* v. *Manley*, 25 Vt. 210 ; *Sanderson* v. *Milton Stage Co.*, 18 Vt. 107.

*Ide & Stafford*, for the defendant.

When this suit was brought there was no such item as the one relied upon to remove the bar of the statute, therefore it could not have that effect.

Palmer *v.* Woodward's Estate.

The opinion of the court was delivered by

Ross, J. The only contention is whether a portion of the amount found due the plaintiff by the referee is barred by the Statute of Limitations. The referee finds that none of the items allowed is barred by the Statute of Limitations if either of three items named are proper credits to, or payments by, the intestate upon the indebtedness. The third item, for timber for the Methodist church, he finds at the time the credit was given was a proper item of credit but that afterwards, how long he does not find, the intestate gave this item to the church, so that at the time of the hearing it should not stand as a credit. Finding that it was a proper credit when delivered is equivalent to finding that then it was a proper payment by the intestate upon the plaintiff's account. At that time this payment was a legal recognition of the plaintiff's account as a subsisting indebtedness. The Statute of Limitations would not begin to run on the account until after the making of that payment. The subsequent action of the parties, by which this item was withdrawn as a credit, would not remove its effect as a recognition of the plaintiff's account as a subsisting indebtedness against the intestate at the time it was delivered as a payment theron. The only way the credit could properly be withdrawn, as such payment, was for the plaintiff to charge the amount of this item to the intestate when the subsequent arrangement was made by which it was given by the intestate to the church. But such withdrawal was not a withdrawal of his legal recognition of the plaintiff's account as a subsisting indebtedness. It would still stand as a legal payment on the account though balanced by the charge arising from the subsequent arrangement by which it was given to the church. Without considering the other items, we think that the findings of the referee in regard to this item are sufficient to save the full amount allowed from the operation of the Statute of Limitations.

*The judgment of the County Court is affirmed.*