DANA V. GRIFFIN v. LOUIS MARTEL and JOSEPH JONES.

May Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed August 26, 1904.

*Landlord and Tenant—Expelling Tenant—Actual Posses-
sion—Symbolical Possession—Pleading—Trespass—
Justification under Process—Trover—Order for Return
of Property—Evidence—Value of Goods—Remoteness.*

In trespass for breaking and entering plaintiff's store and forcibly
expelling him therefrom, it is proper to charge the jury,—what
the evidence on both sides shows—that at the time in question the
store, which was the property of the defendant, was in the com-
plete, actual possession of the plaintiff, who was personally in the
building, that he had entered at some time before as lessee, and
had since remained there with his stock and fixtures; notwith-
standing the fact that the defendants' evidence tended to show
that the plaintiff had given him symbolical possession by deliv-
ering to him the key of the store.

In trespass for breaking and entering the plaintiff's store and forcibly
expelling him therefrom, when it appears that at the time in
question the plaintiff was in the actual, complete, possession of the
store, which was the property of the defendant, whose evidence
tended to show that the plaintiff had surrendered to him the key
of the store, the court did not err in omitting to submit to the
jury the question of the surrender of possession, for the delivering
of the key gave the defendant, at most, only a symbolical posses-
sion, and he must have actual peaceable possession to justify
him in expelling the plaintiff with force.

In trespass for breaking and entering the plaintiff's store and forcibly
expelling him therefrom, the defendants cannot avail themselves
of a writ of replevin to make their entry lawful, when they have
not justified under it in their pleadings.

When the defendants with force and strong hand, invade a store in
the actual possession of the plaintiff, their entry is not peaceable,
though made without assaulting the plaintiff, and though they are

entitled to the possession thereof; and being thus in they have no right to remain.

In trespass for breaking and entering the plaintiff's store, with a count in trespass *de bonis* for taking and carrying away his goods found therein, and a count in trover for the same goods, when the jury find that defendants broke and entered the store, and took and carried away the plaintiff's goods without his consent, it is immaterial whether there was a conversion under the count in trover.

In trespass for breaking and entering the plaintiff's store, with a count in trespass *de bonis* for taking and carrying away his goods found therein, and a count in trover for the same goods, when the plaintiff's evidence tends to show that the goods were carelessly removed by the defendants and thereby greatly damaged, it is not error for the court to deny defendants' motion for an order for a return of the goods in mitigation of damages.

The case stood in this regard as it would, had it appeared that the goods were in fact essentially injured, in which case, no return could have been ordered.

The cost of goods is some evidence of their present value; and the question of remoteness will not, ordinarily, be revised in this Court.

In trespass for breaking and entering plaintiff's store, when his motive in holding possession thereof is immaterial, it is proper to exclude the question, asked him on cross-examination, whether he did not exact a money consideration from the defendants—one of whom owned the store—for the privilege of coming in.

In an action for breaking and entering the plaintiff's store and taking and carrying away his goods found therein, it was proper to allow the plaintiff to show the value of the goods sixteen months before the taking, when they were moved into the store, as against the objection that "they were transitory and had been depleted," when the plaintiff's testimony tends to show that they remained substantially the same from that time till the taking.

TRESPASS for breaking and entering the plaintiff's store and forcibly expelling him therefrom, and for assaulting him, with a count in trespass *de bonis* for taking and carrying away his goods found therein, and a count in trover for the same goods. Plea, the general issue with notice. Trial by jury

at the September Term, 1903, Rutland County, *Munson*, J., presiding. Special verdicts, and judgment thereon for the plaintiff. The defendant excepted.

It appeared that plaintiff entered the store in question, which was the property of defendant Martel, sometime in December, 1902, as lessee of Martel; that he continued to occupy it with his stock and fixtures till the time in question. The defendants' evidence tended to show that on March 17, 1903, plaintiff surrendered the store to Martel by delivering to him the key thereof, and that thereupon Martel executed a lease thereof to one McCoy. The plaintiff claimed, and his evidence tended to show, that he gave one of the keys of the store to Martel, but not in surrender thereof. The evidence of each side showed that after the key was delivered to Martel, plaintiff still continued in the store with his stock and fixtures till he was ejected by the defendants. It appeared that on the 24th day of April 1903, about 5:30 o'clock in the morning, the defendants came to the store, accompanied by a constable who had for service a writ of replevin in favor of Martel to replevy a stove in the basement of the store. The evidence of the plaintiff tended to show that defendants were also accompanied by two truckmen with truck teams and helpers. It appeared that plaintiff was called upon to open the door and allow defendants and the constable to come in and that he refused; whereupon defendant Jones broke open the door and forced an entrance, and, the plaintiff's evidence tended to show, Jones and Martel soon after assaulted him and ejected him from the store. The defendants' evidence tended to show that Jones forced an entrance at the direction of the constable; that after they were in plaintiff told them they need not serve the writ of replevin that they could take the stove, so the writ was not

served; that plaintiff assaulted Jones, and that whatever assault was made by defendants upon the plaintiff was in self-defence; that defendants removed the plaintiff's goods simply to avail themselves of the possession of the store; that they never claimed any interest in the goods, but properly stored them subject to the order of the plaintiff. The evidence of the plaintiff tended to show that the defendants moved his goods in a careless and negligent manner whereby they were greatly damaged.

Only special verdicts were submitted, in reply to which the jury found that the constable did not authorize the defendants or either of them to break the door; that as between plaintiff and Jones, the latter committed the first assault; that as between plaintiff and Martel, Martel committed the first assault; that the defendants in entering the store had a common understanding that they would use such force as might be necessary to remove the plaintiff therefrom; that the force used by Jones was not in preventing or stopping a conflict between plaintiff and Martel; that plaintiff sustained damages in his person from all that was done to him by both defendants, in the sum of $200; that the fair value of the fixtures and stock, at the time defendants took possession of same, was $1,500; that the plaintiff did not give defendants license to remove the property.

Upon these verdicts, the court rendered judgment for the plaintiff against the defendants for $1,700, and adjudged that the cause of action arose from the wilful act of the defendants and that they ought to be confined in close jail.

*Butler and Moloney* for the defendants.

The defendant, Martel, was entitled to immediate possession of the store. The plaintiff was a mere intruder, and

defendant could legally expel him.  *Beecher* v. *Parmele et al.,*
9 Vt. 356; *State* v. *Ross,* 69 Am. Dec. 751; *Hyatt* v. *Wood,*
4 Am. Dec. 258; *Jackson* v. *Morse,* 8 Am. Dec. 306; *Scribner*
v. *Beach,* 47 Am. Dec. 265.

The evidence of defendants tended to show complete
surrender by the delivery of the key.  The tenant could not
then dispute his former landlord's possession.  Wood, Land-
lord and Tenant, 844; *Randall* v. *Rich,* 11 Mass. 494.

The landlord may enter and eject not only a mere in-
truder, but also a tenant holding without right.  *Allen* v.
*Kelley,* 33 Am. St. 905, (17 R. I. 731); *Low* v. *Elwell,* 121
Mass. 309; (23 Am. R. 272); *Jackson* v. *Farmer,* 9 Wend.
201; *Stearns* v. *Sampson,* 59 Me. 568; *Kellam* v. *Janson,* 17
Pa. St. 467; *Sterling* v. *Warden,* 51 N. H. 217; *Whittaker* v.
*Perry,* 38 Vt. 112.

The defendants moved plaintiff's property so as to avail
themselves of the possession of the store.  This was no con-
version.  *Farnsworth* v. *Lowery,* 134 Mass. 512; *Shea* v.
*Milford,* 145 Mass. 525.

If the acts of the defendants were wrongful they might
be liable for damages, but not for the value of the property.
*Miller* v. *Lamery,* 62 Vt. 116, 26 Am. & Eng. Enc. Law, 738.

The Court should have granted defendants' motion for
an order to return the property in mitigation of damages.
*Hart* v. *Skinner,* 16 Vt. 138; *Yale* v. *Saunders,* 16 Vt. 243;
*R. Co.* v. *Bank,* 32 Vt. 639; *Bucklin* v. *Beals,* 38 Vt. 653;
*Delano* v. *Curtis,* 7 Allen 470.

*Lawrence & Lawrence, W. K. Farnsworth, J. C. Baker*
and *O. M. Barber* for the plaintiff.

Our statute of forcible entry and detainer prohibits an
entry with force and strong hand.  Even a previous surrender

to the landlord would not justify such an entry. *Whittaker v. Perry et al.,* 38 Vt. 107; *Mussey* v. *Scott,* 32 Vt. 82; *Dustin v. Cowdry,* 23 Vt. 631; *Lorimer* v. *Lewis,* 39 Am. Dec. 461; *Evil* v. *Cornwell,* 18 Am. Dec. 138.

The measure of damages was the value of the goods at the time they were taken. *Crampton* v. *Valido Marble Co.,* 60 Vt. 291, 303.

The evidence of its cost tends to show the value of property. *Rawson* v. *Elbridge,* 57 Vt. 612; *Raymond Syndicate* v. *Gutentag,* 177 Mass. 562.

. The defendants had no right to an order for the return of the property. *Hart* v. *Skinner,* 16 Vt. 138; *Yale* v. *Saunders,* 16 Vt. 243; *Green* v. *Sperry,* 16 Vt. 390; *R. Co.* v. *Bank of Middlebury,* 32 Vt. 639; *Bucklin* v. *Beals,* 38 Vt. 654; *Carpenter* v. *A. B. L. Asso.,* 40 Am. St. Rep. 345; *Bolling* v. *Kirby,* 24 Am. St. Rep. 789.

Rowell, C. J. This is trespass for breaking and entering the plaintiff's drug store, and forcibly and with strong hand expelling him therefrom, and for assaulting him, with a count in trespass *de bonis* for taking and carrying away his goods found therein, and a count in trover for the same goods.

The court charged that at the time in question the store, which was the property of Martel, was in the complete, actual possession of the plaintiff, who had entered it some time before as lessee or under some lessee, and had since remained there with his stock and fixtures, and was then personally in the building. And this was true, unless the plaintiff had surrendered possession to Martel by delivering to him the key of the store, as defendants claimed.

On this point the defendants' evidence tended to show that the plaintiff, not having paid his rent as agreed, surrendered possession by delivering the key to Martel, who

thereupon leased the store to another party; that after that, plaintiff put on a new lock, and slept in the store nights, and kept the door locked so Martel could not get in with the key he had. The exceptions expressly state that the testimony on the part of the defendants tended to show that from the time of the delivery of the key to Martel, the plaintiff was in the store, holding it against Martel, and the defendants claimed that he was a mere intruder and trespasser, and had no right there, as he had surrendered possession.

The plaintiff admitted that he gave the key to Martel, but said it was not in surrender; that he continued in possession, and changed the lock because Martel refused to let him have the key again.

The defendants claim that the court erred in not submitting the question of surrender to the jury. But that was not error, for the defendants' testimony did not tend to show that Martel had such a possession as entitled him to expel the plaintiff with force. In order to do that, he must have had actual, peaceable possession, so that he stood in the attitude of defending his own possession, and not of invading the plaintiff's possession. *Whittaker* v. *Perry,* 38 Vt. 105. But he stood in no such attitude, for the delivery of the key gave him, at most, only a symbolical possession, not the actual possession, for that continued in the plaintiff, as the testimony on both sides showed.

No general verdict was submitted, but only special findings returned, which, the defendants claim, do not alone warrant a judgment for the plaintiff, for that the defendants were there to assist their officer to replevy a stove that was in the basement of the store; that the entry was peaceable, no assault being made in effecting it, and for which damage is not claimed, nor for the detention; that as the door was

Martel's, he had a right to break it, the plaintiff not inter-
fering, though the officers did not authorize it; that having
entered peaceably, the defendants had a right to remain, and
if, in order to do so, it became necessary to assault the
plaintiff, it matters not that they committed the first assault,
as their testimony tended to show that they used no more
force than was necessary to protect themselves from bodily
harm.

As to the writ of replevin, the defendants not having
justified under it in their pleadings, cannot avail themselves
of it to make their entry lawful. *Briggs* v. *Mason,* 31 Vt.
433; *Mack* v. *Kelsey,* 61 Vt. 399, 17 Atl. 780; *Poole* v.
*Massachusetts etc.*, *Association,* 75 Vt. 85, 53 Atl. 331. Nor
was their entry peaceable within the meaning of the law,
though made without assaulting the plaintiff, for it was an
invasion of his possession with force and strong hand, which
the statute forbids, and the question of title and right of pos-
session is unimportant. And being in as they were, they had
no right to remain, and consequently no right to assault the
plaintiff in order to remain, but were bound to depart, and
leave the plaintiff in his former state, and then they could
have proceeded legally to get possession. *Dustin* v. *Cowdry,*
23 Vt. 631, 638.

The defendants claim that there was no conversion of the
goods, for that the taking was in recognition of the plaintiff's
right, with no intention of depriving him of that right for any
length of time whatever. But it is not necessary to decide
that question, for there certainly was a trespass, the jury
having found that the goods were taken and carried away
without the plaintiff's consent, for there was an unlawful in-
vasion by force of his possession of them.

After verdict and before judgment the defendants moved
for an order for a return of the goods in mitigation of dam-

ages for their taking to a nominal sum. The court overruled the motion as matter of law, and that was right; for the plaintiff claimed on trial, and his testimony tended to show, that the goods were carelessly and negligently removed by the defendants and thereby greatly damaged, and so, of course, the court could not make the plaintiff take them back with that question undetermined, for that would have deprived him, on the basis of his claim and testimony, of full compensation for the damage caused by the unlawful taking. The case stood in this regard as it would had it appeared that the goods were in fact essentially injured, in which case, no return could have been ordered. *Hart* v. *Skinner,* 16 Vt. 138; *Rutland & Washington R. R. Co.* v. *Bank of Middlebury,* 32 Vt. 639. In *Moon* v. *Raphael,* 2 Bing. N. C. 310, TINDALL, C. J., said that had the defendants asked for a stay of proceedings in return of the goods, the plaintiffs would not have been compelled to receive them unless they were in the same plight as when taken and no injury had accrued to the plaintiff.

It is unnecessary to consider whether the taking was so wilful as to disentitle the defendants to an order for a return.

There was no error in the admission nor in the exclusion of evidence. The cost of the goods was some evidence of present value. *Crampton* v. *Valido Marble Co.* 60 Vt. 291, 301, 15 Atl. 153. So in ascertaining the present value of a railroad in order to determine the reasonableness of rates, the original cost of the property is to be considered. *Smyth* v. *Ames,* 169 U. S., pp. 546, 547, L. Ed. p. 849.

Remoteness is suggested, because the goods were bought "years before." But that does not appear. Besides, the question of remoteness will not ordinarily be revised here.

The plaintiff's motive in holding possession being immaterial, it was proper to exclude the cross-question put

to him whether he did not exact a money consideration of the defendants for the privilege of coming in.

Allowing the plaintiff to show the value of his goods sixteen months before the taking, when they were moved into the store, was proper as against the objection now made that they were transitory and had been depleted, for the plaintiff's testimony tended to show that they remained "substantially the same" from that time till the time of the taking. This is like showing the insufficiency of a highway at the time of an accident by showing its insufficiency at a former time, if its condition remained the same. *Cheney* v. *Ryegate,* 55 Vt. 499.

*Judgment affirmed, with interest on the damages during stay of execution, and additional costs.*