## SARAH M. GREEN *v.* ALFRED DODGE.

May Term, 1906.

Present: ROWELL, C. J., TYLER, WATSON, and MILES, JJ.

Opinion filed July 10, 1906.

*Landlord and Tenant—Assumpsit for Rent—Dispute as to Agreed Rental—Evidence—Bill of Exceptions—Referring to Record of Trial—Effect—Statute of Limitations—Burden of Proof—Payment on Account—Instructions—Court Mistaken.*

In assumpsit for rent, it appearing that the annual rental agreed upon was in dispute, it was proper to allow plaintiff to show the fair rental value of the premises during the term of the lease, as bearing upon the probable agreed rental.

Where the record of the trial is referred to by the bill of exceptions for a full statement in respect of a particular exception, it must have been deemed necessary for that record to be before this Court, and, if not furnished, such exception will not be considered.

In assumpsit for rent of a farm, defendant having testified that the farm was rented to his wife, and not to him, it was proper to allow plaintiff to show by a witness, who heard a part of a conversation between defendant and plaintiff's daughter about giving a note for the rent, that the witness did not then hear defendant claim that the farm had been leased to his wife.

Plaintiff's witness, after testifying to what was said and done on several occasions when she saw defendant, was allowed, subject to defendant's exception, to testify that on none of those occasions when the witness talked with him, or was present when plaintiff was talking with him, did defendant claim that the farm was leased to his wife. *Held* that, as neither the subject-matter of the conversations, nor what was said on the different occasions, is shown by the exceptions, it cannot be said that the evidence was not properly received.

Evidence that plaintiff's agent had some talk with defendant about the use of a wagon in respect of which there was no controversy, with-

out revealing what the talk was, though immaterial and irrelevant, could not have harmed defendant.

In assumpsit for rent of a farm, it appearing that plaintiff claimed that the agreed annual rental was $125, but that defendant claimed it was $100, it was proper to allow plaintiff's daughter to testify that whenever she asked defendant for the rent he never claimed that the agreed annual rental was $100.

In assumpsit for rent of a farm, it appearing that defendant claimed that by the contract he was to have from the farm fire-wood enough for the use of his family, and sought to be allowed an offset because of not having had the agreed amount, it was proper to allow plaintiff, who claimed this to be a fictitious defence, to show by her daughter that on none of the occasions when the witness talked with defendant about the rent did he make any claim that he had not had fire-wood enough.

Since the record does not show that an· exception was saved to the admission of certain evidence complained of, it is not considered.

A witness produced by plaintiff, and whose evidence in direct examination tended to impeach defendant by showing his general reputation for veracity, testified in cross-examination that when he spoke in direct examination of defendant's general reputation "in certain respects," he referred to his reputation "in respect to finances,"—that he was a man who did not meet his financial obligations as promptly as men in general,—"I mean that his reputation is in making these debts,—promises to pay more than he knows he can." Thereupon defendant offered to show by said witness that there were no instances where defendant had not paid dollar for dollar in the course of time for debts he had contracted. Held, that this offer was properly excluded; and that defendant's motion to strike out the witness's direct testimony, as far as it was offered as impeaching evidence, was properly denied.

In assumpsit for rent of a farm, the defendant testified that the farm was rented to his wife. The court, in charging the jury said: "We recall no evidence, that is, we recall no evidence of any conversation that was had in regard to it, that is inconsistent with the fact of the contract being made with the husband; but the whole thing is a matter for you, considering what was said, the subsequent conduct of the parties, all that happened in regard to it, to say who .·was the real party to the contract." Held that, in view of the whole charge, even though the court overlooked some evidence, was mistaken, there was no error.

The delivery by defendant to plaintiff of a bushel of potatoes on an account upon which the Statute of Limitations had run, renewed the account.

Where the defendant pleads the Statute of Limitations, he assumes the burden of establishing that defence.

GENERAL ASSUMPSIT for rent of a farm. Pleas, the general issue, payment, Statute of Limitations, and offset. Trial by jury, at the March Term, 1905, Washington County, Munson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The defendant's sixth exception is stated as follows: "Mrs. Walker was improved as a witness by the plaintiff. She testified to what was done and said on several occasions when she saw Mr. Dodge. The plaintiff's attorney asked her the following question:

. Q. Now on any of these occasions when you saw Mr. Dodge and talked with him, or when you were present when your mother was talking with him, did he make any claim that the farm was leased to his wife? A. No, sir.

This question and answer were admitted subject to objection and exception by the defendant."

All the information given by the bill of exceptions about the bushel of potatoes is: "It appeared that the claim of the plaintiff was barred by the Statute of Limitations, unless there had been a payment of one bushel of potatoes within six years before the commencement of this action. The plaintiff's evidence tended to show that she with her daughter went to the defendant's on only one occasion when the defendant was at home and procured a bushel of potatoes, that she claimed was applied as a payment. The defendant's evidence tended to show that no such payment by way of a bushel of potatoes was ever made and that the only time when the plaintiff and her

daughter came to his house was during the absence of the defendant and his wife."

*John W. Gordon* and *L. P. Lamson* for the defendant.

*J. H. Lucia* and *H. C. Shurtleff* for the plaintiff.

WATSON, J.   The exceptions taken are numbered, and those upon which reliance was placed in argument will be referred to by number.

Exception 3.   The plaintiff claimed that a written lease was executed specifying rent at one hundred twenty-five dollars a year, and introduced in evidence what she claimed to be a copy of it.   Regarding the existence of such a written contract there was a dispute, and the defendant claimed that the annual rent agreed on was one hundred dollars instead of one hundred twenty-five dollars.   Before the defendant had introduced any evidence pertaining to the yearly value of the premises, the plaintiff was permitted to show, subject to exception, that during the term of the lease they were fairly worth one hundred twenty-five dollars.   The evidence was admissible as showing the probable rent agreed on.   1 Wigmore Ev. § 392; *Kidder* v. *Smith*, 34 Vt. 294; *Bedell* v. *Foss*, 50 Vt. 94. In *Bradbury* v. *Dwight*, 3 Met. 31, where the terms of a lost written contract for the sale of timber were in dispute, the value of the timber by the cord was received to show the probable terms of the. contract.

Exception 4.   The plaintiff testified that a lease was drawn up and the defendant signed it, but that she had lost it.   She did not give any evidence tending to show how she lost it, or that she had made diligent search for it, she simply stated that she had lost it.   The copy referred to under exception 3 was then produced by the plaintiff as a copy of the

lost lease. The court found that the original lease had been lost and admitted the copy in evidence, to which defendant excepted on the ground (1) that a proper foundation for secondary evidence had not been laid; (2) that the paper produced did not, under the plaintiff's own testimony, purport to be a copy, because she claims that the original paper was signed by the defendant, while this one is not signed by either party. The record of the trial is referred to for a full statement bearing upon this exception, but it has not been furnished. Manifestly it was deemed necessary for that record to be before this Court to give a fair understanding of the ruling made. Otherwise the record would not thus have been made a part of the bill of exceptions. Since a part of this portion of the case is not before us, the questions there raised are not considered. The same is true regarding exceptions 11 and 14, and they are not considered. *Hathaway* v. *Goslant,* 77 Vt. 199.

Exceptions 5 and 6. The defendant had testified that the contract renting the farm was made with his wife. The plaintiff testified that it was made with the defendant, and that the payments of rent were made by him, and that he transacted all the business concerning the place with the plaintiff and her daughters. Plaintiff's evidence tended to show that at no time when defendant was transacting this business with her and her daughters, did he make any claim that the contract was not made with him, or that it was made with his wife; that the defendant himself transacted all business connected therewith and never before made any such claims in this respect as he made at the trial. Mrs. Vesta Drown, a daughter of the plaintiff, who claimed to have been present on an occasion referred to in the exceptions when Mrs. Walker, another daughter of the plaintiff, had conversation with the defendant about giving a note for the rent, was used as a witness by the plaintiff. She

·claimed to have heard only a part of the conversation. She was asked whether during any of the conversation which she heard, the defendant claimed that the place had been rented to his wife, or made any claim of that kind. Subject to exception, the witness answered that she heard nothing of the kind. ·On the occasion to which the evidence relates, the matters under consideration pertained to the farm transaction and the giving of a note for rent. This being so, the fact that he then made no claim that his wife had leased the place, was inconsistent with his claim on the trial and admissible as tending ·to contradict his testimony. *Seward* v. *Garlin,* 33 Vt. 583.

Mrs. Walker was also called by the plaintiff. After testifying to what was said and done on several occasions when she saw the defendant, she was asked whether on any of those occasions when she talked with him, or was present when the plaintiff was talking with him, he made any claim that the farm was leased to his wife, to which the witness answered that he did not. Neither the subject-matter of the conversations nor what was said on the different occasions to which reference was made, is shown by the exceptions. Hence we cannot say that the evidence was not properly received.

Exception 18. It appeared that the plaintiff left a top carriage or wagon at the leased premises during the occupancy by the defendant and his family, and that the agent of the plaintiff took the nuts off. No claim was made in this case by the defendant because he did not have the use of the wagon. Subject to exception, the plaintiff was permitted to show as a matter of right by way of rebuttal, that the agent had some talk with the defendant about the use of the wagon. It is argued by the defendant's counsel that this evidence was immaterial and irrelevant. Assuming it to be so, merely showing that talk was had between them on that subject without

showing what the talk was could not have been otherwise than harmless.

Exception 19. Without showing the circumstances attending the occasions, the plaintiff was permitted, subject to exception, to ask a witness whether on these occasions (referring to the occasions when the witness, a daughter of the plaintiff, saw the defendant and asked him for rent) he ever made any claim that the rent was to be one hundred dollars a year, and whether he ever made any statement to the witness as to what the rent was to be. Both of these questions were answered in the negative. We understand the latter question to have reference to the same occasions as the former. On those occasions the business of the witness with the defendant pertained to the rent and was of such a nature that had he understood the agreed sum to be different from that claimed by the plaintiff, it would have been natural for him to assert it. Evidence of the fact that he did not do so was properly received. *Coolidge* v. *Ayers,* 77 Vt. 448.

Exception 20. The defendant claimed that by the contract, he was to have from the place fire-wood enough for his own family use, and he sought to be allowed a setoff by reason of his not having had the agreed amount. The plaintiff contended that this defence was manufactured for the purpose of the trial. She was permitted in rebuttal, subject to exception, to show by her daughter, Mrs. Walker, that on none of the occasions when she talked with the defendant on the subject matter of rent did he make any claim that he had not had fire-wood enough. The witness had previously given a full statement of the conversations had by her with the defendant on those occasions, and no reference to fire-wood was made by either of them. We think it was a circumstance proper for

the jury to consider in deciding whether the defence was a manufactured one or not.

The plaintiff was permitted to show in rebuttal by a daughter of the defendant that she did not know at the time the defendant was on the leased premises that he claimed anything by reason of the defective pump, or insufficient amount of fire-wood, or on account of the damages accruing by laying of water pipes across the leased premises, or on account of the manure, or the breach of warranty as to the amount of hay the place produced. There had been no evidence introduced by the defendant as to what the witness knew about these things. The admission of this evidence has been argued as exception 22, but it does not appear that any exception was saved in connection therewith, and none is considered.

Exception 27. The plaintiff called one Munson as a witness, and inquired of him whether the defendant had a general reputation in his community for truth and veracity, to which the witness answered, "Why, in some respects he has." The witness was then asked whether that reputation for truth and veracity was on a par with men in general in that community. The witness answered "Truth and veracity on any subject?" To this the examining counsel said, "Yes, sir, general reputation for truth and veracity." The witness answered, "I think he has." The witness was then asked whether that reputation was above or below par with men in general. He answered, "In the respect I have referred to, I think it is below." The examining counsel then said, "Well, I mean generally on that subject," and the witness answered, "I would have to say below, if I was—." The witness was then interrupted by counsel.

In cross-examination in response to questions asked by defendant's attorney, the witness testified that when he spoke in

direct examination of defendant's general reputation "in certain respects," he referred to his reputation "in respect to finances,"—that he was a man who did not meet his financial obligations as promptly as men in general,—"I mean that his reputation is in making these debts—promises to pay more than what he knows he can." Thereupon the defendant offered to show by the same witness that there were no instances where the defendant had not paid dollar for dollar in the course of time for debts he had contracted, and to the exclusion of the evidence, an exception was saved. It is a sufficient answer to this exception, that the examination in chief of the witness, fairly understood, had been confined to the defendant's general reputation and the offer was to show his actual character. Nor was it error to refuse to strike out the testimony of the witness as far as it was offered as impeaching evidence. It cannot be said that the testimony in chief had no tendency to show the general reputation of the defendant for truth and veracity. Consequently the plaintiff was entitled to have it considered by the jury for what it was worth.

Exception 28. The court charged the jury, "There is no claim here on the part of anyone who has testified, as I recollect, to the use of any language in the conducting of these negotiations that directly points to the fact of the contract being made with the wife. * * * We recall no evidence, that is, we recall no evidence of any conversation that was had in regard to it, that is inconsistent with the fact of the contract being made with the husband; but the whole thing is a matter for you, considering what was said, the subsequent conduct of the parties, all that happened in regard to it, to say who was really the party to the contract—what was the real understanding as to who was the party with whom Mrs. Green

6

was dealing." The defendant excepted to the statement made therein that there was no language testified to inconsistent with the trade being made with the husband. But the statement of the presiding judge in this respect was not in an unmodified form. It is very apparent from the language used that he was particular to give the jury only his memory of the matter, and that they must have so understood it; for the "whole thing" was distinctly left to them to say, "considering what was said, the subsequent conduct of the parties, and all that happened in regard to it." In such circumstances, even though the court overlooked some evidence, was mistaken, it cannot be assigned as error. *Dow* v. *School District,* 46 Vt. 108.

Exception 29. It was conceded that the account was barred by the Statute of Limitations unless, as the plaintiff claimed by her evidence, a payment was made by way of a bushel of potatoes within the six years' time that renewed the account. With reference thereto the court charged the jury, in part,-that whether the claim was barred by the Statute of Limitations depended upon whether the sack of potatoes was delivered as claimed by the plaintiff and her witnesses; that the account was conceded to be barred unless that sack of potatoes was delivered upon it, and if they found "that the potatoes were delivered as claimed, then there is a live claim against this defendant," etc. The defendant excepted to the portion of the charge where the court said if the potatoes were delivered upon the account, as claimed by the plaintiff and her witnesses, it would make the account alive.

It is argued that the mere delivery upon an account does not revive a debt nor amount to a payment that would renew it. If the potatoes were delivered by the defendant to the plaintiff upon her account as she claimed upon her evidence,

then they would constitute a proper item of credit to the defendant on the account, which is equivalent to a payment, and would prevent the operation of the statute. The charge in this respect was therefore without error. *Palmer* v. *Woodward's Estate,* 61 Vt. 571; *Bates v. Sabin,* 64 Vt. 511; *George* v. *Vermont Farm Machine Co.,* 65 Vt. 287.

The instruction to the jury that on the question of the Statute of Limitation the burden of proof was with the defendant is in accordance with the settled law of this State, and the exception thereto is also unavailing. *Burnham* v. *Courser,* 69 Vt. 183.

No other points are made in defendant's brief.

*Judgment affirmed.*