CHARLES L. DAVIS *v.* HUGH RANDALL.

January Term, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Evidence—Admissibility—How Limited by Pleadings—Collateral Fact—When Material—Exchange of Property—Value of Property—Materiality—Improper Argument—Count Unsupported by Plaintiff's Evidence—Defendant's Right to Contradict.*

An exception to the exclusion of evidence that is later admitted cannot avail.

The general rule that the evidence must correspond to the allegations and be confined to the point in issue does not exclude evidence of facts from which a reasonable inference can be drawn as to the principal fact in issue.

Evidence of any fact, though it be collateral, which renders a fact in issue more probable or improbable is admissible and proper to be considered in determining the existence of the fact in issue.

In assumpsit to recover $125 under an agreement whereby plaintiff exchanged a pair of oxen with defendant for a horse, where an issue was whether the agreement was that, if the horse proved to be more than twelve years old or failed to recover from its lameness, defendant should take it back and pay $125 for the oxen, as plaintiff claimed, but which defendant denied and claimed that the transaction was an unconditional exchange of property, it was error to exclude defendant's offered evidence that at the time of the exchange the oxen were worth much less than $125.

It was error to allow plaintiff's counsel to say in argument to the jury that a verdict for defendant would take plaintiff's oxen from him and give him nothing for them.

It was not error to exclude defendant's offered evidence that he did not purchase the oxen, although one count in the declaration relied on their sale at a fixed price, for there was no evidence to prove that allegation, and defendant had already testified fully as to what the trade was, and the offered evidence would have added nothing to his statement.

SPECIAL ASSUMPSIT.  Plea, the general issue.  Trial by jury at the April Term, 1910, Windham County, *Miles*, J.,

presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Loren R. Pierce* and *Charles S. Chase* for the defendant.

It was error to exclude defendant's offered evidence that at the time of the exchange the oxen were worth very much less than $125. "The great and general rule upon the subject seems to be this: That all facts and circumstances upon which any reasonable presumption or inference can be founded as to the truth or falsity of the issue or disputed fact, are admissible in evidence." *Richardson* v. *Royalton, etc. Turnpike Co.*, 6 Vt. 496; *Aiken* v. *Kennison*, 58 Vt. 665; *State* v. *Burpee*, 65 Vt. 1; *Tufts* v. *Town of Chester*, 62 Vt. 353; *Houghton* v. *Clough*, 30 Vt. 312; *Armstrong* v. *Noble*, 55 Vt. 428; *Randall* v. *Preston*, 52 Vt. 198; *Tenney* v. *Harvey*, 63 Vt. 520; *Currier* v. *Richardson*, 63 Vt. 617; *Wheeler* v. *Wheeler*, 77 Vt. 177.

*Gibson & Waterman* and *O. R. Clayton* for the plaintiff.

POWERS, J. The plaintiff exchanged a pair of oxen with the defendant for a horse. This horse was of uncertain age and was lame, and the plaintiff claimed and gave evidence tending to show that it was stipulated in the trade that, if the horse turned out to be over twelve years old or failed to get over its lameness, the defendant should take it back and pay one hundred and twenty-five dollars for the oxen. The defendant denied this, and claimed and gave evidence tending to show that the transaction was a simple exchange of property without any conditions or special agreements. When the case was submitted to us it was orally agreed by counsel that a transcript of the evidence was to be treated as referred to and made to control, though the exceptions did not contain such reference.

During the cross-examination of the plaintiff he was shown a letter signed by him and addressed to one Wheeler wherein it was stated that the horse in question was a "good worker and an extra good walker," and was asked if he wrote or caused to be written a letter containing that statement. This question was excluded and an exception allowed the defendant. Shortly

after this ruling, the witness admitted writing the letter and it was received in evidence and read to the jury. So the defendant, having received the full benefit of the letter and its contents, is not in a position to complain, and this exception is unavailing.

As bearing on the probability of his making the special agreement testified to by the plaintiff, the defendant offered to show the condition and value of the oxen at the time of the exchange, expecting, as counsel stated, to show that the cattle were worth much less than one hundred and twenty-five dollars. This was excluded and the defendant excepted. It is true as suggested by the court that the value of the property was not put in issue by the pleadings, and the general rule is that the evidence must correspond with the allegations and be confined to the point in issue. But facts affording a reasonable presumption or inference as to the principal fact or matter in issue are not excluded. Any fact, though it be collateral, which renders a material fact more probable or improbable is proper evidence and may be considered in determining whether that fact exists. *Tufts* v. *Chester*, 62 Vt. 353, 19 Atl. 988. So when the parties to a contract disagree as to its terms and the evidence thereof is conflicting it is often permissible to show the value of the property involved. Thus in *Houghton* v. *Clough*, 30 Vt. 312, the question was whether the reconveyance of certain land was in settlement of all or only a part of the notes secured thereon, and it was held that it was competent for the plaintiff, who sued on one of the notes, to show that the value of the land at the time of the reconveyance was not equal to the amount of the notes.

In *Kidder* v. *Smith*, 34 Vt. 294, the qustion was as to the price agreed upon in the sale of certain personal property, and it was held that it was competent to show the value of the property at the time of the sale as tending to show what the contract really was.

In *Bedell* v. *Foss*, 50 Vt. 94, the question was whether the defendant agreed to pay the plaintiff's claim on a certain horse in defendant's possession, and it was held that evidence that the value of the horse was less than the amount of the claim was admissible.

In *State* v. *Donovan*, 75 Vt. 308, 55 Atl. 611, it was material

and important to show the original terms of the written contract which the respondent was charged with altering, and it was held that evidence of the value of the property involved was admissible.

In *Green* v. *Dodge*, 79 Vt. 73, 64 Atl. 499, the question was as to the amount of rent stipulated for in a lost lease, and it was held that evidence of the rental value of the premises was admissible to show the probable rent agreed upon.

If, as the defendant claimed, the cattle which he acquired by the trade were worth less than one hundred and twenty-five dollars, it would be improbable that he would agree to pay that price for them in case the horse failed to recover. For what it was worth, this evidence should have been received, and the exception to its exclusion must be sustained.

Subject to exception, counsel for the plaintiff was allowed to say in argument, in substance, that a verdict for the defendant would take the plaintiff's oxen from him and give him nothing for them. This argument cannot be approved. As suggested by defendant's counsel when he made his objection, the plaintiff received the horse in the trade, and whether he was entitled to anything more depended upon how the jury found the facts to be. With the consequences of their findings the jury had nothing to do; and a consideration thereof would be improper. The argument was an unwarranted appeal to the sympathy of the jury and should not have been allowed.

There was no error in rejecting the defendant's offer to show that he did not purchase the oxen. Although the second count of the declaration set up a sale of the oxen at a fixed price, there was no evidence tending to establish these allegations. Consequently, the defendant was not entitled to give evidence in contradiction. Besides he testified fully as to what the trade was and the evidence offered would have added nothing to his statement.

*Reversed and remanded.*