FRANK S. ATWOOD *v.* JOHN JOYCE.

February Term, 1937.

Present:  POWERS, C. J., SLACK, MOULTON, SHERBURNE and
BUTTLES, JJ.

Opinion filed May 4, 1937.

*David A. Pingree* for the plaintiff.

*Robert R. Twitchell* for the defendant.

SLACK, J. The action is contract. Plea a general denial, payment and statute of limitations. Defendant also filed a declaration in offset. Trial was by jury. Plaintiff had a verdict and judgment below. The case is here on his exceptions.

The first question is whether evidence offered by plaintiff to show that a note given to him by defendant included an agreement to pay interest thereon was properly excluded. Neither party was able to produce the note. The plaintiff was a witness in his own behalf and testified on direct examination that he could not say whether or not the note contained such an agreement. He was then asked: "Are you in the habit of taking notes without interest?" This was excluded subject to plaintiff's exception. It was held in *Hine* v. *Pomeroy,* 39 Vt. 211, 218, and *Houghton* v. *Clough,* 30 Vt. 312, that where the terms of a contract become material, and the direct evidence respecting this is contradictory, it is competent for either party to introduce evidence of any circumstances bearing upon the point in controversy. But here there was no conflict in the direct evidence respecting the terms of the note at the time the evidence in question was offered. The only evidence then in the case bearing on that issue was that of the plaintiff who had testified that he didn't know whether or not it called for interest. In the circumstances, it was no more than an offer to show the plain-

tiff's custom or business habit, and that, too, without first showing that he had ever taken a note before from anyone. Such evidence was clearly inadmissible. *Dionne* v. *American Express Co.,* 91 Vt. 521, 101 Atl. 209; *Farnham & Sons, Inc.* v. *Wark,* 99 Vt. 446, 134 Atl. 603, and cases cited.

In November, 1929, plaintiff sold defendant nine yearling heifers that he got from one Hewlett a short time before. The plaintiff testified that defendant agreed to pay $290 for them, while defendant claimed that he was to pay only $250. This being the situation, plaintiff offered to show that he gave Hewlett two cows of an agreed value of $140 and $135, respectively, and $15 in cash, in exchange for them. This was excluded, apparently on the sole ground that it was a "swap" transaction, as the court termed it, instead of a "cash deal." The court also refused to permit plaintiff to testify that the agreed value for the cows was their fair value, although he had qualified as an expert on the value of such property to the satisfaction of the defendant. To both of these rulings the plaintiff excepted.

■ Since the evidence was conflicting as to the price defendant was to pay for the heifers, it was competent to show their value at the time he bought them, as tending to show what the contract price in fact was. *Kidder* v. *Smith,* 34 Vt. 294; *Bedell* v. *Foss,* 50 Vt. 94; *Green* v. *Dodge,* 79 Vt. 73, 64 Atl. 409; *Davis* v. *Randall,* 85 Vt. 70, 81 Atl. 250. So, too, evidence of what plaintiff paid for them was admissible as tending to show their value when he sold them to defendant, the question of remoteness not being involved. *Crampton* v. *Valido Marble Co.,* 60 Vt. 291, 15 Atl. 153; *Griffin* v. *Martell & Jones,* 77 Vt. 19, 58 Atl. 788; *Slayton* v. *Drown,* 93 Vt. 290, 107 Atl. 307; *Miller* v. *Belville,* 98 Vt. 243, 126 Atl. 590.

The fact that plaintiff paid for them, in part, with other property, did not affect the *admissibility* of such evidence. *Carr* v. *Moore,* 41 N. H. 131, is directly in point. That was an action for deceit in the exchange of horses. The plaintiff alleged that he was induced to exchange his mare for a colt of defendant's, and thirty-five dollars boot, by certain false and fraudulent representations of defendant regarding the colt. To enable the jury to judge of the value of the colt, had he been as he was represented to be, it became material for plaintiff to show the value of the mare he gave in exchange. To do this, he was

permitted to show, among other things, and subject to defendant's exception, that he obtained the mare by an exchange for another horse, and to show the age, appearance and qualities of that horse, and what he sold for two or three months later. In sustaining the admission of this evidence,. the court said: ''In the case before us, the price paid for the colt, as it was represented to be, and thirty-five dollars, was the plaintiff's mare. The value of that mare was the price paid for her, and that price was a horse given in exchange for her. The age, appearance and qualities of that horse, and the price for which he sold, were therefore competent evidence tending to show the value of the mare, and in consequence the value of the colt, as it was represented to be, at the time of the exchange, upon the almost axiomatic principle, that things which are equal to the same thing, are equal to one another.'' See, also, *Wulschner-Stewart Music Co.* v. *Falkner*, 55 Ind. App. 208, 103 N. E. 665. Any fact, though it be collateral, which renders a material fact more probable or improbable is proper evidence and may be considered in determining whether that fact exists. *Davis* v. *Randall, supra.* In the circumstances, the exclusion of the evidence under consideration was error.

After the verdict was returned, and before judgment thereon, the plaintiff filed a motion to set it aside because against the evidence, against the weight of the evidence and against the instructions of the court. The motion was denied, and plaintiff excepted. In view of our conclusion as to the previous exception, a consideration of this one is unnecessary.

The plaintiff has filed a petition for new trial on the ground of newly discovered evidence. But since he will have an opportunity to avail himself of the benefit of such evidence under our disposition of the main case, there is no occasion to consider this petition.

*Judgment reversed and cause remanded. Petition for new trial dismissed.*