WALTER S. CURRIER *v.* GEORGE T. AMES.

January Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 7, 1939.

*Porter, Witters & Longmoore* for the defendant.

*Harry B. Amey* for the plaintiff.

JEFFORDS, J. This is an action of tort for fraud in the sale of an automobile. There was a trial by jury and a verdict and judgment for the plaintiff. The defendant excepted.

The automobile in question, a second hand car, was sold to the plaintiff by one Wheeler, who was acting for the defendant. At the time of the sale the car was represented to be in good

condition; practically as good as new; good for ten years. The price obtained for the car was $575.

■ The defendant excepted to the failure of the court to charge as requested that no representation is fraudulent in law unless made with the knowledge of its falsity and such knowledge cannot be presumed from the mere falsity of the representation. The request was properly denied as it ignored false representations made as of one's own knowledge without in fact knowing them to be true. *Newman* v. *Kendall,* 103 Vt. 421, 425, 154 Atl. 662; *Arnold* v. *Somers,* 92 Vt. 512, 526, 105 Atl. 260.

■ The only other claim of error briefed by the defendant relates to a question of evidence. The defendant excepted to the charge of the court as to damages on the ground that there was no evidence in the case as to the value of the car if it had been as represented. After verdict the defendant moved that the same be set aside on the ground that there was no evidence in the case for the determination of damages, there being, as he claimed, no evidence as to the difference in the value of the car at the time of sale and its value as it would have been if it had been as represented. To the overruling of this motion the defendant excepted. We will treat these two exceptions together.

In his brief the defendant admits that there was evidence in the case, as there was, as to the value of the car at the time of sale but claims that the case is barren of any evidence whatever as to what its value would have been if as represented.

Under the undisputed evidence the price paid for the car was $575. Wheeler testified that this price was paid for a good, usable car. The defendant testified that this amount was the fair value of the car.

The price paid by the plaintiff for the car is evidence of its value if it had been as represented. *Atwood* v. *Joyce,* 109 Vt. 30, 192 Atl. 11; *Globe Granite Co.* v. *Clements,* 92 Vt. 383, 387, 104 Atl. 104; *Crampton* v. *Valido Marble Co.,* 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120; *Houghton* v. *Carpenter,* 40 Vt. 588, 596; *Mullen* v. *Eastern Trust & Banking Co.,* 108 Me. 498, 81 Atl. 948; *Epp* v. *Hinton,* 91 Kan. 513, 138 Pac. 576, L. R. A. 1915A, 675; *Lovejoy* v. *Isbell,* 73 Conn. 368, 47 Atl. 682; *Page* v. *Parker,* 43 N. H. 363, 80 A. D. 172; 27 C. J. 108, sec. 269.

There was ample evidence for the jury on this point. No error appears.

*Judgment affirmed.*